**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IKIM ELIJAH BLACKETT,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:13-CV-421-Y** |
| | § | |
| **RODNEY W. CHANDLER, Warden,** | § | |
| **FCI-Fort Worth,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

### B. PARTIES

Petitioner Ikim Elijah Blackett, Reg. 08270-094, is a federal prisoner incarcerated in the Federal Correctional Institution in Fort Worth, Texas (FCI-Fort Worth).

Respondent Rodney W. Chandler is Warden of FCI-Fort Worth.

C. PROCEDURAL HISTORY

Petitioner is serving a 36-month term of imprisonment for his conviction in the District Court of the Virgin Islands, Division of St. Thomas and St. John, for offering a bribe to a juror. (Resp't App. at 3-4) Petitioner seeks release to home confinement in the Virgin Islands to serve the remainder of his sentence.

Section 3624(c) authorizes the Bureau of Prisons (BOP) to place an inmate in home confinement "for the shorter of 10 percent of the term of imprisonment or 6 months" during the final months of his prison term and requires the BOP to make placement decisions on an individual basis consistent with the criteria set forth in § 3621(b). The criteria includes: the resources of the facility; the nature and circumstances of the offense; the history and characteristics of the prisoner; any statement by the court that imposed the sentence; and any pertinent policy statement issued by the Sentencing Commission. *Id.* § 3621(b) (1)-(5).

The record reflects petitioner had a home confinement placement date of June 4, 2013, which was removed by the CCM office in Miami because of his July 19, 2012, code 108 disciplinary violation, two subsequent disciplinary violations, and the belief that there was no supervision on the Virgin Island to which he was approved. (Resp't App. at 16). Following removal of his home confinement placement date, petitioner pursued prison administrative remedies, to no avail.[1] (Pet., Attachs.) In January 2013 petitioner and respondent received confirmation from Probation and Pretrial Services in the Virgin Islands that the district does in fact have a pre-release program, which

---

[1]Petitioner provides proof he made an attempt at informal resolution, submitted a formal request for administrative remedy with respondent, and appealed respondent's denial of his request to the Regional Director and to the National Inmate Appeals Administrator. He does not however provide a copy of the response by the National Inmate Appeals Administrator, which was apparently due on May 18, 2013.

includes home confinement and electronic monitoring. (Resp't App. at 15) On July 5, 2013, respondent re-referred petitioner for home confinement placement, and petitioner is currently pending transfer to community custody. (*Id.* at 1, 16) Petitioner's anticipated release date with good time credit is October 26, 2013. (Resp't App. at 16)

The undersigned construes petitioner's claims as follows: (1) he was sanctioned for the code 108 disciplinary violation by the loss of good time, and as such the BOP's reliance upon the same code 108 violation to rescind his home confinement placement date violates the Due Process and Double Jeopardy Clauses, and (2) as a matter of equal protection, his "home confinement date should be readjusted to compensate for the 41 days loss of good conduct time [resulting from the disciplinary violation], and fortwith [sic] re-instated." (Pet. at 2, 5)

D. Discussion

The Due Process Clause of the Fifth Amendment generally prohibits any governmental action that interferes with life, liberty, or property without due process of law. In addition to its procedural guarantees, the Due Process Clause includes a substantive component, which prohibits government interference with certain "fundamental" liberty interests. *See Reno v. Flores,* 507 U.S. 292, 301-02 (1993). It is well established however that a prisoner does not have a constitutionally protected liberty interest in his place of incarceration. *See Olim v. Wakinekona,* 461 U.S. 238, 245-46 (1983); *Meachum v. Fano,* 427 U.S. 215, 224-25 (1976). Likewise, there is no constitutional right to placement in any particular type of pre-release program, including home confinement, at any time during a term of imprisonment. *See, e.g., Chimney v. Jeter*, No. 4-05-CV-647-Y, 2006 WL 954028, at *2 (N.D. Tex. Apr. 11, 2006) (citing cases) ( holding there is no constitutional right to placement in a Community Correction Center, or "CCC"). Petitioner's only entitlement is an individual

evaluation for home confinement placement consistent with the factors set forth in 18 U.S.C. § 3621, which was performed by the BOP in petitioner's case.

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall be twice put in jeopardy of life or limb for the same offense. U.S. CONST. amend. V. The Double Jeopardy Clause provides protection from multiple prosecutions as well as multiple punishments for the same offense. *United States v. Reyes,* 87 F.3d 676, 678 (5th Cir. 1996). Prison disciplinary proceedings however do not constitute criminal prosecutions. *See Wolf v. McDonnell,* 418 U.S. 539, 556 (1974). Because prison disciplinary proceedings are not criminal prosecutions, they do not implicate the protections found in the Double Jeopardy Clause. *See Holleman v. Johnson*, No. 7:98-CV-188-BF, 2001 WL 1149099, at * 5 (N.D.Tex. Sep. 20, 2001); *Turner v. Johnson,* 46 F.Supp.2d 655, 667-68 (S.D.Tex. 1999); *see also Fogle v. Pierson,* 435 F.3d 1252, 1261-62 (10th Cir.), *cert. denied*, 549 U.S.1059 (2006) ("'[I]t is well established that prison disciplinary sanctions . . . 'do not implicate' double jeopardy protections") (quotation omitted); *United States v. Galan,* 82 F.3d 639, 640 (5th Cir. 1996) (stating that "prison disciplinary proceedings do not bar future criminal prosecutions" for purposes of the Double Jeopardy Clause) (citations omitted).

Nor has petitioner stated a viable equal protection claim. The Equal Protection Clause essentially mandates that all persons similarly situated be treated alike. *See City of Cleburne v. Cleburne Living Ctr., Inc.,* 473 U.S. 432, 439 (1985). To state an equal protection claim a petitioner needs to "allege and prove that he received treatment different from that received by similarly situated individuals." *See Taylor v. Johnson,* 257 F.3d 470, 473 (5th Cir. 2001) (per curiam). In addition, he must also "demonstrate that prison officials acted with a discriminatory purpose" in

treating him differently from other similarly situated prisoners. *See Woods v. Edwards,* 51 F.3d 577, 580 (5th Cir. 1995) (per curiam). In support of his claim, petitioner alleges:

> Of note is the fact, FCI-FTW, has issued an incident report to inmate "Fabion Lopez, REG# 14582-308," placed him in the SHU, taken 30 days good conduct time, yet still afforded him six (6) month RRC, on a thirty-six (36) month sentence. Clearly dissimilar treatment of similarly situated inmates, in violation of Const. Amend. XIV.
>
> Blackett is also aware of other inmates whose RRC dates were simply "moved back" to accommodate the loss of good time, even after disciplinary infractions, and segregation time.

(Pet. at 4)

Petitioner's conclusory allegations, without more, do not demonstrate that similarly situated prisoners are being treated differently with regard to consideration for home confinement placement and loss of good time or a discriminatory intent on the part of the BOP. *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990).

## II. RECOMMENDATION

Petitioner's petition for writ of habeas corpus should be denied.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September 10, 2013. In order to be specific, an objection must

identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**IV. ORDER**

Under 28 U.S.C. § 636, it is ordered that each party is granted until September 10, 2013, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August 20, 2013.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE